UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| NATHAN HURT et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:05-CV-72-AS |
| | ) | |
| WEST LAFAYETTE COMMUNITY | ) | |
| SCHOOL CORPORATION et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM, ORDER & OPINION**

This matter is before the Court on the Motion for Summary Judgment (Docket No. 7) filed by Defendant Diane Yost and the Motion for Summary Judgment (Docket No. 30) filed by Defendants Lafayette School Corporation, West Lafayette Community School Corporation, and Greater Lafayette Area Special Services. The Court heard oral arguments on these motions in Lafayette, Indiana on July 19, 2006, and the issues have been fully briefed. For the reasons set forth below, the Defendants' Motions are **GRANTED**. Accordingly, the Clerk is **ORDERED to DISMISS** this case **with prejudice**.

I.    <u>Introduction</u>

On August 30, 2005, Nathan Hurt, Christopher Hurt, and Rebecca Hurt filed a Complaint in the Tippecanoe County, Indiana Superior Court. The case was removed to this Court by Defendants Lafayette School Corporation, Greater Lafayette Area Special Services, and West Lafayette Community School Corporation (hereinafter referred to as the "School Defendants") on September 30, 2005. The Complaint alleges Negligence and Intentional Tort. Diane Yost filed a Motion to Dismiss on November 24, 2005. The School Defendants filed a Motion to Dismiss on

November 22, 2005.  The Court converted both Motions to Dismiss into Motions for Summary

Judgment and gave the parties time to file additional materials.  *See* FED. R. CIV. P. 12(b).  The

Defendants submitted additional materials on March 1, 2006 in the form of a supplemental brief

by Diane Yost (Docket Nos. 28, 29) and a Motion for Summary Judgment by the School

Defendants (Docket Nos. 30-34).

      II.      <u>Standard of Review</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is

proper only if there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law.  *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In deciding a motion for summary judgment, a

court must view all facts in the light most favorable to the nonmoving party.  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d

572, 583 (7th Cir. 1994).

The moving party bears the burden of identifying those portions of "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits" that

the moving party believes demonstrate an absence of genuine issue of material fact.  *Celotex*, 477

U.S. at 323.  Once this burden is met, the nonmoving party "must set forth specific facts showing

that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Becker v. Tenenbaum-Hill Assocs.,*

*Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613,

620 (7th Cir. 1989).  "[A] party who bears the burden of proof on a particular issue may not rest

on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a

genuine issue of material fact which requires trial."  *Beard v. Whitley County REMC*, 840 F.2d

405, 410 (7th Cir. 1988).  Therefore, if a party fails to establish the existence of an essential

element on which the party bears the burden of proof at trial, summary judgment is proper.  In

this situation, there can be "'no genuine issue of any material fact,' since a complete failure of

proof concerning an essential element of the nonmoving party's case necessarily renders all other

facts immaterial." *Celotex*, 477 U.S. at 323.

    III.    <u>Facts</u>

Nathan Hurt was born on June 23, 1984.  Complaint Count I, ¶ 2.  He reached his 18th

birthday on June 23, 2002.  Complaint Count I, ¶ 2.  Nathan's parents are Christopher and

Rebecca Hurt.  Complaint Count I, ¶6.  In the fall of 1999, Nathan entered West Lafayette Jr.- Sr.

School as a 9th grader.  Plaintiffs' Statement of Material Facts, ¶ 6.  He was a special education

student and spent time in the special education classroom.  Plaintiffs' Statement of Material Fact,

¶¶ 5, 8, 11.

Diane Yost worked as a paraprofessional[1] in the special education classroom from the

Fall of 1998 through November 2004.  Yost Answer, Response No. 4.  Yost developed a

relationship with Nathan and began spending an unusual amount of time with him.  Plaintiffs'

Statement of Material Fact, ¶¶ 19-21.

When Nathan was in 9th grade, Nathan and Yost were reading a book together when

Nathan began rubbing Yost's thigh.  Plaintiffs' Statement of Material Fact, ¶ 25.  Yost did not

discourage this contact.  Plaintiffs' Statement of Material Fact, ¶ 25.  When Nathan was 16 years

--------

[1]A paraprofessional is an adult classroom assistant charged with assisting in small group and individual instruction, grading papers and workbooks, supervising small groups, making observations of children with learning problems, and assisting in reading tests and textbook materials to students.  Plaintiffs' Statement of Material Facts, ¶ 16.

old, Yost performed oral sex on him and allowed Nathan to perform oral sex on her.  Plaintiffs'

Statement of Material Facts, ¶ 26.  Nathan and Yost had sexual intercourse for the first time

shortly before Nathan's 17th birthday.  Plaintiffs' Statement of Material Facts, ¶ 28.  After that,

Nathan and Yost had sexual intercourse regularly.  Plaintiffs' Statement of Material Facts, ¶ 28.

Yost also helped Nathan cheat in school by doing his homework and giving him answers.

Plaintiffs' Statement of Material Facts, ¶ 28.  She also gave Nathan access to illegal alcohol.

Plaintiffs' Statement of Material Facts, ¶ 37.

IV.    Discussion

    A.    Statute of Limitations

The Defendants argue that Plaintiffs' claims under federal and Indiana law are barred by

the two-year statute of limitations.  Indiana's two-year statute of limitations period for personal

injury claims applies to a claim of injury under Indiana tort law or 42 U.S.C. § 1983.  Ind. Code §

34-11-2-4;[2] *Bekefeld v. Jansma*, 369 F.Supp.2d 1008, 1010 (N.D. Ind. 2005) (citing *Wilson v.*

*Garcia*, 471 U.S. 261 (1985)).  However, a "person who is under legal disabilities when the

cause of action accrues may bring the action within two (2) years after the disability is removed."

Ind. Code § 34-11-6-1.  Generally, a person who is a minor when the cause of action accrues

must bring the action within two years of reaching majority.  *See Doe v. United Methodist*

*Church*, 673 N.E.2d 839, 841 (Ind. Ct. App. 1996); *Doe v. Roe*, 52 F.3d 151, 154 (7th Cir. 1995).

The dates relevant to this issue are not in dispute.  Nathan was born on born on June 23,

1984 and was 18 as of June 23, 2002.  He graduated from West Lafayette High School in June of

_____

[2]That provision states, "An action for: (1) injury to person or character . . . must be
commenced within two (2) years after the cause of action accrues.  Ind. Code § 34-11-2-4.

2003.  This lawsuit was filed on August 30, 2005, more than two years after he reached the age

of majority and more than two years after he graduated from West Lafayette High School.

Therefore, the Plaintiffs must point to some evidence to show that their claims are not time-

barred.[3]  They have failed to do so.

1.      Wrongful Acts

The Plaintiffs argue that, because of his disability and his reliance on Yost, Nathan did

not realize that the Yost's actions were wrongful acts until he received counseling in 2005.[4]

Plaintiffs' Brief in Opposition at 5.  This fact, the Plaintiffs imply, prevents their claims from

being time barred.  The Court respectfully disagrees.

The Indiana Supreme Court has analyzed cases where an adult plaintiff brings suit for

tortious conduct committed against the plaintiff as a child and the plaintiff brings the action

beyond the statute of limitations period.  *See, e.g.*, *Doe v. Shults-Lewis Child and Family

Services, Inc.*, 718 N.E.2d 738 (Ind. 1999);  *Fager v. Hunt*, 610 N.E.2d 246, 250 (Ind. 1993).  In

such cases, the Indiana Supreme Court has stated that "[w]here the plaintiff actually retains

memories of the event, there is nothing to cause a delay in the commencement of the cause of

action."  *Doe v. Shults-Lewis*, 718 N.E.2d at 747 n.3.

---

[3]A defendant bears the burden of proving that suit was commenced beyond the statutory limitations period.  *Garneau v. Bush*, 838 N.E.2d 1134, 1140 (Ind. Ct. App. 2005).  But a plaintiff bears the burden of proving facts to avoid the statute of limitations.  *See Olcott Int'l. & Co. v. Micro Data Base Sys., Inc.*, 793 N.E.2d 1063, 1072 (Ind. Ct. App. 2003) (plaintiff bears the burden of proving that a statute of limitations should be tolled); *In re Paternity of K.H.*, 709 N.E.2d 1033, 1035 (Ind. Ct. App. 1999) ("party who relies on facts in avoidance of a statute of limitations has the burden of proving those facts.").

[4]More specifically, the Plaintiffs argue that Nathan learned for the first time during counseling that he was "the victim of a sexual predator."  Complaint Count I, ¶ 6, Plaintiffs' Brief in Opposition at 5.

5

The Court of Appeals for the Seventh Circuit examined this issue in *Doe v. Howe Military School*, 227 F.3d 981 (7th Cir. 2000). In that case, two plaintiffs brought suit alleging that they had been the victims of sexual abuse and harassment. The plaintiffs brought the suit more than two years after they reached the age of majority but argued that their causes of action accrued "when each became aware of psychological injuries, not at the time of the underlying events." *Id*. at 988. Finding the Indiana Supreme Court's analysis in *Doe v. Shults-Lewis* controlling, the Court of Appeals rejected this argument. *Id*. at 988-89. The Court of Appeals stated that the plaintiffs "remembered the events of abuse, and therefore nothing prevented them from asserting their claims during the two years after they reached majority." *Id*. at 989.

In this case, the Plaintiffs do not argue that Nathan repressed memories of the wrongful actions; rather, they argue that he simply didn't realize that "he was the victim of a sexual predator." In other words, he remembers the underlying acts but failed to appreciate the wrongfulness of the acts or the resulting psychological or physical ramifications of the acts until he received counseling. That is essentially the same argument rejected by the Court of Appeals in *Doe v. Howe*. *Id*. at 988-89. Furthermore, the Plaintiffs cite no evidence in their briefs to support the argument that Nathan failed to realize that the acts were wrongful or that he was the victim of a sexual predator.

The Court also finds that Nathan's learning disability does not toll the statute of limitations. A "person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed." Ind. Code § 34-11-6-1. "Under legal disabilities" means "less than eighteen (18) years of age, mentally incompetent, or out of the United States." Ind. Code § 1-1-4-5(24). "Mentally incompetent" means "of unsound mind."

6

Ind. Code § 1-1-4-5(12).  The Plaintiffs go to great lengths attempting to demonstrate the severity of Nathan's learning disability.  But they neither argue that he is of unsound mind nor cite any competent evidence to support such a conclusion.  Furthermore, the Plaintiffs cite no case where a learning disability tolled the statute of limitations.

2.      Continuing Wrong

The Plaintiffs argue that Yost and the School Defendants engaged in a "continuing course of conduct" that tolled the statute of limitations until the wrongful act ceased.  Plaintiffs' Brief in Opposition at 22.  According to the Plaintiffs, Nathan's relationship with Yost ended in September of 2005, and Nathan first learned he had been abused during therapy four months later.  Therefore, the they argue, the "continuing wrong doctrine" permits them to bring their claims more than two years after Nathan reached the age of majority or graduated from high school.  Plaintiffs' Brief in Opposition at 22-23.  The Court respectfully disagrees.

"The doctrine of continuing wrong applies where an entire course of conduct combines to produce an injury."  *Garneau v. Bush*, 828 N.E.2d 1134, 1143 (Ind. Ct. App. 2005) (citing *Boggs v. Tri-State Radiology, Inc.*, 730 N.E.2d 692, 695 (Ind. 2000)).  "A single act in the sequence does not produce the injury.  Instead it is the combination of acts."  *Konkle v. Henson*, 672 N.E.2d 450, 458 (Ind. Ct. App. 1996).  Under this doctrine, the "statutory limitations period begins to run at the end of the continuing wrongful act."  *Garneau*, 828 N.E.2d at 1143.  The doctrine "is not an equitable doctrine; rather, it defines when an act, omission, or neglect took place."  *Id*.

In *Doe v. United Methodist Church*, 673 N.E.2d 839, 840 (7th Cir. 1996), the plaintiff sought damages resulting from a relationship involving sexual abuse that began when the

plaintiff was a teenager and the defendant was her minister.  The sexual relationship lasted until the plaintiff was twenty.  After the sexual relationship ended, the defendant used "domination and manipulation" to force the plaintiff to keep the relationship secret.  *Id*.  The plaintiff filed suit more than two years after the relationship ended, arguing that the defendant's conduct was a continuing wrong that ended only when the defendant stopped asserting control over her.  The Indiana Court of Appeals rejected this argument, noting that the "doctrine of continuing wrong will not prevent the statute of limitations from beginning to run when the plaintiff learns of facts which should lead to the discovery of his cause of action even if his relationship with the tortfeasor continues beyond that point."  *Id*. at 845.

Similarly, in *Konkle*, the plaintiff was sexually abused from the time she was seven until she was twenty.  She filed a lawsuit four years after she reached the age of majority but less than two years after the final abuse occurred.  She argued that the abuses were a continuing wrong that caused the statute of limitations to begin to run on the date of the final incident.  The court rejected this argument, stating that each time she was touched inappropriately she was injured by the defendant and a new cause of action arose.  *Id*. at 459.  The court noted that the plaintiff admitted knowing the sexual abuse was wrong when she was fifteen or sixteen years old.  *Id*. Therefore, according to the court, "the statute of limitations would begin to run once [the plaintiff] 'discovered' the wrongdoing and the resulting injury."  *Id*.

As in *Doe v. United Methodist Church* and *Konkle*, the doctrine of continuing wrong does not apply to this case because the Yost's acts were separate wrongs, not a series of injuries that "combine[] to produce an injury."  *See Garneau*, 828 N.E.2d at 1143.  Moreover, even if the doctrine applied it would not help the Plaintiffs.  They fail to point specifically to any wrongful

conduct that occurred within the limitations period.  *See Doe v. United Methodist Church*, 673 N.E.2d at 845 (limitations period begins to run at the end of continuing wrongful conduct). Nathan reached the age of majority and graduated from high school before the two-year limitations period began, and there is no evidence indicating that his relationship with Yost was illegal during that period.

### B.    Christopher and Rebecca Hurts' Claims

The Plaintiffs admit that the claims of Christopher and Rebecca Hurt are derivative of Nathan Hurt's claims.  Plaintiffs' Response to School Defendants' Request for Admissions No. 15 (Docket No. 34, Exhibit D at 3).  Therefore, because Nathan's claims are barred by the statute of limitations, Christopher and Rebecca Hurts' claims are also barred.

### V.    Conclusion

Because the Plaintiffs' claims are barred by the statute of limitations, Diane Yost's Motion for Summary Judgment is **GRANTED** in its entirety and the School Defendants' Motion for Summary Judgment is **GRANTED** in its entirety.  Accordingly, the Clerk is **ORDERED to DISMISS** this case **with prejudice**.

**SO ORDERED**.

**DATE: September 26, 2006**

_____S/ ALLEN SHARP_____
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**